IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MISSISSIPPI VALLEY TITLE INSURANCE COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 11-0538-WS-C ) |
| MARION BANK AND TRUST COMPANY, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the motion of defendant Marion Bank and Trust Company ("Marion Bank") for summary judgment. (Doc. 47). The interested parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 48, 76), and the motion is ripe for consideration.

## BACKGROUND

In 1997, Marion Bank properly recorded a mortgage on certain realty owned by the Rabbs. In 2001, plaintiff Mississippi Valley Title Insurance Company ("Mississippi Valley") issued a title policy to CTX Mortgage Company ("CTX"), the predecessor in interest of plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"). That policy insured the CTX mortgage as a first priority lien but did not list Marion Bank's mortgage as an exception or requirement. In 2010, after the Rabbs defaulted, Marion Bank foreclosed, leaving Mississippi Valley liable to Wells Fargo under its title policy.

In November 2003, Marion Bank made an additional $200,000 advance to the Rabbs. Defendant J. Garrison Thompson, on behalf of Mississippi Valley, issued a title commitment without setting forth the CTX mortgage as an exception or requirement.

Although the subsequently issued title policy did except the CTX mortgage, it was not issued until after Marion Bank had advanced the funds to the Rabbs.

The amended complaint contains two counts. In Count One, Mississippi Valley and its co-insurer sue Thompson for breach of duty and breach of contract. In Count Two, Wells Fargo sues Marion Bank for a declaration of rights, including a determination that Marion Bank made the 2003 advance with knowledge of the CTX mortgage and that Marion Bank therefore has no priority over Wells Fargo with respect to the advance. (Doc. 12 at 9-12). Marion Bank seeks summary judgment as to Count Two.

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; accord *Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick*, 2 F.3d at 1116; accord *Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to

make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[1] Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited. Likewise, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment," *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995), and the Court accordingly limits its review to those arguments the parties have expressly advanced.

The parties agree that "[t]he almost universal rule is to the effect that after notice of the attaching of a junior lien, the senior mortgagee will not be protected in making optional future advances under his mortgage given to secure such advances." *Hampton v. Gulf Federal Savings & Loan Association*, 249 So. 2d 829, 834 (Ala. 1971); *accord Mobley v. Brundidge Banking Co.*, 347 So. 2d 1347, 1349 (Ala. 1977); *City National Bank v. First National Bank*, 232 So. 2d 342, 344 (Ala. 1970); *Farmers' Union Warehouse Co. v. Barnett Brothers*, 137 So. 176, 177 (Ala. 1931).

Marion Bank's sole argument is that, because the title commitment did not list the CTX mortgage, it could not have had notice of that mortgage when it made the $200,000

---

[1] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so.").

advance.  (Doc. 48 at 4).  Wells Fargo, however, has presented three documents, drawn from Marion Bank's own files and predating its advance of funds, that make explicit reference to the mortgage.

First, in their credit application the Rabbs told Marion Bank they had a mortgage on their first house with Washington Mutual.  (Doc. 76, Exhibit A).  Second, in their personal financial statement, they told Marion Bank their home was subject to a mortgage, with $230,000 outstanding and with payments payable to Washington Mutual.  (*Id*., Exhibit B).  Third, in their second financial statement, they told Marion Bank their home was subject to a mortgage, with $220,000 outstanding.  (*Id*., Exhibit C).  All three documents identify the CTX mortgage, which was then being serviced by Washington Mutual.  (Doc. 76 at 6 and exhibits cited therein).[2]

Under the cited authorities, only notice of the CTX mortgage, and not actual knowledge of it, is required to defeat Marion Bank's priority.   The documents discussed above create a genuine issue of material fact whether Marion Bank had such notice.  And because it appears these documents were in Marion Bank's possession in connection with the Rabbs' efforts to obtain the subject advance,[3] they create a genuine issue of material fact whether Marion Bank had actual knowledge of the CTX mortgage.[4]

For the reasons set forth above, Marion Bank's motion for summary judgment is **denied**.

DONE and ORDERED this 12th day of October, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Marion Bank declined to offer any challenge to Wells Fargo's showing.

[3] The second financial statement is dated October 27, 2003.  (Doc. 76, Exhibit C).  The title commitment issued three days later.  (Doc. 48 at 2).

[4] To defeat priority, it is not necessary that the defendant be aware of the mortgagee's identity.  *Mobley*, 347 So. 2d at 1349-50.  It is enough that the defendant "was merely told of an existence of another mortgage."  *Id.*