IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MISSISSIPPI VALLEY TITLE INSURANCE COMPANY, et al.,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 11-0538-WS-C ) |
| **MARION BANK AND TRUST COMPANY, et al.,** | ) ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Marion Bank's "pre-trial brief that actual knowledge of the CTX mortgage is required in order to defeat Marion Bank's priority." (Doc. 104). The Court, in resolving Marion Bank's motion for summary judgment, has already ruled that actual knowledge is not required but only notice. (Doc. 100 at 3, 4). Marion Bank's filing is therefore properly construed as a motion to reconsider that ruling, not as a mere pretrial brief. The Court has previously granted Marion Bank leave to file such a motion to reconsider. (Doc. 103 at 3, ¶ 7).[1]

The grant or denial of a motion to reconsider is left to the discretion of the trial court. *Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc). Such a motion may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion. *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Nor may it be used to "relitigate old matters." *Wilchombe v. TeeVee Toons, Inc*.,

---

[1] The Court permitted Wells Fargo to file a responsive brief. (*Id*.). However, because the resolution of this motion is so clear, and trial so near at hand, the Court rules without awaiting Wells Fargo's brief.

555 F.3d 949, 957 (11th Cir. 2009) (internal quotes omitted).  Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."  *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted).[2]  As this Court has noted, "[m]otions to reconsider serve a valuable but limited function.  They do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted.  They do not, in short, serve to relieve a party of the consequences of its original, limited presentation."  *Dyas v. City of Fairhope*, 2009 WL 5062367 at *3 (S.D. Ala. 2009).  Marion Bank does not acknowledge these principles, but it is nonetheless bound by them.

In the factual portion of its motion for summary judgment, Marion Bank stated several times that it had no "knowledge" of the CTX mortgage when it made advances.  In its legal argument, however, Marion Bank stated the controlling law as being that a mortgage with a dragnet clause "allows the mortgagee to make additional advances in security of the mortgage with priority over the rights of a second mortgagee, provided that at the time of the making of the additional advances, the first mortgagee *had no notice* of the rights of the second mortgagee."  (Doc. 48 at 4 (emphasis added) (citing *Farmers Union Warehouse v. Barnett Brothers*, 57 So. 176, 178 (Ala. 1931))). Wells Fargo also took the position that priority is defeated by "inquiry notice," (Doc. 76 at 2),

---

[2] While *Mays* and *Wilchombe* involved post-judgment motions under Rule 59(e), courts within this Circuit have often applied these principles to pre-judgment motions to reconsider. *E.g., Busby v. JRHBW Realty, Inc.*, 2009 WL 1181902 at *2 (N.D. Ala. 2009); *Controlled Semiconductor, Inc. v. Control Systemation, Inc.*, 2008 WL 4459085 at *2 (M.D. Fla. 2008); *Eslava v. Gulf Telephone Co.*, 2007 WL 1958863 at *1 (S.D. Ala. 2007); *Summit Medical Center, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). This is only sensible, since allowing parties to withhold arguments and evidence until after losing is equally destructive of judicial economy and fairness in either context. *E.g., Gibson*, 511 F. Supp. 2d at 1185 (even pre-judgment, "in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly").

and Marion Bank elected to file no reply brief challenging that proposition or any other. The Court thus properly observed that "[t]he parties agree" that notice is enough to defeat priority and that actual knowledge is not necessary. (Doc. 100 at 3).

Marion Bank thus does not now seek merely to raise an argument it could have but did not make on motion for summary judgment. Instead, it seeks to repudiate a position it expressly did take on motion for summary judgment and replace it with one more to its benefit. Whether or not the doctrine of "invited error" or anything akin to it has application in such a situation, it is clear that Marion Bank's change of heart does not implicate any of the narrow grounds that can justify a motion to reconsider.

At any rate, the Court's ruling was and remains correct. "*After notice* of the attaching of a junior lien, the senior mortgagee will not be protected in making optional future advances under his mortgage given to secure such advances." *Mobley v. Brundidge Banking Co.*, 347 So. 2d 1347, 1349 (Ala. 1977) (emphasis added). "The almost universal rule is to the effect that *after notice* of the attaching of a junior lien, the senior mortgagee will not be protected in making optional future advances under his mortgage given to secure such advances." *Hampton v. Gulf Federal Savings & Loan Association*, 249 So. 2d 829, 834 (Ala. 1971) (emphasis added). "The stipulation of facts in this case does not show that the first mortgagee (First National) had any *knowledge or actual notice* of the intervening liens of City National before making the advance to the borrower." *City National Bank v. First National Bank*, 232 So. 2d 342, 345 (Ala. 1970) (emphasis added). "But there is no disagreement that, when the mortgage provides for such additional advances, the mortgagee … may make them on the security of the mortgage in priority over the rights of a second mortgage with notice, provided, at the time of making the additional advance, the first mortgagee had *no notice* of the rights of the second mortgagee." *Farmers Union*, 137 So. at 178 (emphasis added). The Court cited each of these opinions in its order on motion for summary judgment. (Doc. 100 at 3). *Farmers Union*, it will be remembered, was cited by Marion Bank itself for the same proposition, and Wells Fargo cited *Hampton* and *Mobley*. (Doc. 76 at 2).

3

Despite these repeated, clear statements that notice is enough to defeat the first mortgagee's priority as to advances, Marion Bank insists the Alabama Supreme Court has equated notice with actual knowledge. (Doc. 104 at 3-4). It is curious for Marion Bank to argue that "notice" in the cited cases means "actual knowledge," since Marion Bank elsewhere concedes that the two terms "traditionally carr[y] … different meanings." (Doc. 104 at 2). Marion Bank offers no reason the Supreme Court would nevertheless use "notice" to denote "actual knowledge," other than pure carelessness. (*Id.*) But the Court is unprepared to assume that the Alabama Supreme Court, with its admitted awareness that notice and actual knowledge are two very different things, would nevertheless repeatedly express the rule in terms of "notice" while intending thereby to denote "actual knowledge." This is especially so given that Marion Bank itself concedes that "nowhere in any of the four cited cases is found the suggestion that those terms are used interchangeably." (Doc. 104 at 4). Exactly. "Notice" means notice; it does not mean "actual knowledge," and the Supreme Court did not use "notice" to denote "actual knowledge."

To bolster its argument, Marion Bank notes that the *Mobley* and *Hampton* Courts found evidence of the first mortgagee's "actual knowledge" of the second mortgage. *Mobley*, 347 So. 2d at 1349; *Hampton*, 249 So. 2d at 834. True enough, but this hardly indicates the Court imparted an equivalence between notice and actual knowledge. Since notice is less than actual knowledge, the existence of actual knowledge necessarily encompassed the existence of notice and rendered unnecessary any discussion of whether the first mortgagee had notice short of actual knowledge.

In a similar vein, Marion Bank points to the statement in *Mobley*, "[n]or do we take issue with the statement of the general principle of law governing the effect of *notice, or actual knowledge*, to a senior lienholder of the existence of a junior lien when the senior makes advances under his mortgage …." 347 So. 2d at 1350 (emphasis added). According to Marion Bank, this language means that the Supreme Court defines "notice" to mean "actual knowledge." (Doc. 104 at 3). But by this point in its opinion, the *Mobley* Court had already expressed the rule in terms of "notice" and found evidence

4

of "actual knowledge." 347 So. 2d at 1349. In the quote on which Marion Bank relies, the Supreme Court (which, as already discussed, knows full well the difference between notice and actual knowledge) mentioned actual knowledge along with notice, not to change the definition of notice, but to acknowledge that, in the case before it, not merely notice but actual knowledge was reflected by the record. The quote does nothing to advance Marion Bank's position.[3]

Marion Bank appears also to argue that none of the four cases discussed above expresses the "notice" rule as a holding. Marion Bank apparently would extrapolate that, since the expressions of the rule in terms of notice are all dicta, this Court is not bound by them but can craft a different, "actual knowledge" rule. (Doc. 104 at 3-4). Assuming without deciding that the Alabama Supreme Court has never articulated the "notice" rule as a holding, the Court is not at liberty to ignore the rule. The Court's role in this diversity matter is to "anticipate how the Supreme Court would decide this case." *State Farm Mutual Automobile Insurance Co. v. Duckworth*, 648 F.3d 1216, 1224 (11th Cir. 2011). Four clear statements of the rule, even if dicta, demonstrate to the Court's satisfaction how the Supreme Court would decide the issue. Perhaps these statements could be outweighed by other indicia that the Supreme Court would nevertheless adopt an "actual knowledge" rule, but Marion Bank points to none.

For the reasons set forth above, Marion Bank's motion to reconsider is **denied**. At trial, Wells Fargo need prove only that Marion Bank had notice of the existence of the

---

[3] A similar explanation pertains to *City National Bank*. The Court quoted a secondary authority for the proposition that the generally prevailing rule provides that the first mortgagee has priority as to later advances "if the mortgagee had no knowledge and no actual notice of the intervening encumbrance." 232 So. 2d at 345 (internal quotes omitted). The Court's immediately succeeding statement that the stipulated facts did not show knowledge or actual notice was not an equation of the two concepts but merely a recognition that either (including mere notice) would be sufficient under the rule to defeat the first mortgagee's priority.

CTX mortgage when it made advances; Wells Fargo need not prove that Marion Bank had actual knowledge of the mortgage.[4]  This ruling will not be revisited.[5]

DONE and ORDERED this 26th day of October, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] For purposes of this notice requirement, "constructive notice under the recording statutes is deemed insufficient." *City National Bank*, 232 So. 2d at 345.  Wells Fargo concedes that such constructive notice is not enough to carry its burden.  (Doc. 76 at 2).

[5] Marion Bank's filing includes a section asserting that, because it ordered and received a title insurance policy (which policy did not note the existence of the CTX mortgage), as a matter of law it had no duty of inquiry and could not possess actual knowledge of the mortgage.  (Doc. 104 at 5-9).  The Court did not authorize such a filing, and Marion Bank seeks no pretrial ruling as to this proposition.  Accordingly, none will be forthcoming.  Of course, to the extent Marion Bank advances in this case any argument that depends on its asserted lack of actual knowledge, the argument must necessarily fail in light of the Court's ruling herein.